United States District Court
Southern District of Texas
**ENTERED**
July 23, 2025
Nathan Ochsner, Clerk

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# HOUSTON DIVISION

| | | |
|---|---|---|
| Angela Williams | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | Civil Action 4:25-cv-00422 |
| | § | |
| Republic Service; McCarty Road | § | |
| Landfill LP; Allied Waste Landfill | § | |
| Holdings, Inc.; Allied Waste | § | |
| Systems Holdings, Inc.; and | § | |
| John Does 1-25, | § | |
| *Defendants* | § | |

## MEMORANDUM AND RECOMMENDATION

This case has been referred to the undersigned magistrate judge pursuant to 28 U.S.C. § 636(b)(1). Defendant McCarty Road Landfill Holdings, Inc. (McCarty Road)[1] has filed a Motion to Dismiss Plaintiff Angela Williams' First Amended Complaint. ECF No. 15. The undersigned recommends that McCarty Road's Motion to Dismiss be **GRANTED** in part and **DENIED** in part.

### *1. Background*

Williams is a 57-year-old African American woman who was formerly employed by Defendant McCarty Road. ECF No. 13 at 2. Williams alleges that she had years of "exemplary service," was a "dedicated employee," and demonstrated "strong work ethic" and "commitment to maintaining workplace standards[.]" *Id.* Despite her qualifications and years of service, Williams alleges that McCarty Road subjected her to retaliatory and discriminatory conduct following a workplace injury in early December 2023.

---

[1] Williams claimed that Republic Service was her employer. McCarty Road, who files the instant motion, clarifies that it, rather than Republic Service, was Williams' employer.

Williams alleges that on December 6, 2023, she slipped and fell on "hazardous materials" while inspecting a truck at the back docks of McCarty Road's business. ECF No. 13 at 3. Williams states that she suffered severe injuries, including a serious arm injury that required surgery in March 2024 and ongoing physical therapy. *Id*. at 3. Williams claims that she experienced significant pain and a severe limitation in her ability to perform her job duties and daily life activities. *Id*. Williams also alleges that she had to take an extended medical leave to recover from the workplace injury. *Id*.

Williams alleges that, following her workplace injury, McCarty Road supervisors began to harass and discriminate against her. Williams states that, shortly after she fell, she requested medical attention which her immediate supervisor refused to provide. ECF No. 13 at 3. Instead, the supervisor "openly publish[ed]" to staff that Williams had faked her fall "to get men's attention." *Id*. The supervisor also ordered Williams' coworkers not to call for medical help. *Id*. Williams alleges that she was forced to call her husband to intervene and ensure she received medical attention. *Id*. Williams states that McCarty Road did not correct her immediate supervisor but allowed him to continue his behavior. *Id*. at 3-4.

Because of her injuries, Williams exercised her right to leave under the Family and Medical Leave Act (FMLA). ECF No. 13 at 4. Williams alleges that, while on leave, she "received intimidating phone calls from her supervisor," and that her supervisor threatened to mark her as "no-call, no-show" despite being on an approved leave of absence. *Id*.

Williams eventually returned to work. She alleges that she informed McCarty Road of her medical condition and requested reasonable accommodations, including modified tasks to prevent further injury to her arm. ECF No. 13 at 4. McCarty Road allegedly

ignored Williams' requests and did not provide her with any accommodations. Instead, her manager, "Kevyn," allegedly subjected her to "hostile and dismissive" treatment. *Id*. at 4. Williams states that she was isolated from important workplace communications, stripped of responsibilities, and treated differently from other employees without any legitimate reason. *Id*.

According to Williams, the discriminatory and retaliatory conduct culminated in her termination. Williams states that, in April 2024, she requested translation assistance from a Spanish-speaking colleague during a workplace conversation. ECF No. 13 at 5. When her colleague asked whether she spoke Spanish, Williams allegedly replied that "No, I grew up in America; this is the only language I know how to speak." *Id*. Williams alleges that two younger employees, Melissa and Wendy Soto,[2] twisted her statement and falsely accused her of making a racist remark. *Id*.

Williams states that she had previously reported Melissa and Wendy Soto for workplace harassment and misconduct, and that those employees were known for excessive phone use, lack of productivity, and noncompliance with uniform standards. *Id*. at 5–6. Williams also reported other coworkers who she alleges created a dangerous and hostile work environment. Williams states that she reported Kayla Mims for saying that she would "kick [Williams'] ass." *Id*. at 6. However, Williams alleges that McCarty Road failed to discipline those employees for their conduct.

After Melissa and Wendy Soto reported Williams for making the allegedly racist remark, McCarty Road conducted what Williams calls a "biased and deliberately unfair" investigation.

---

[2] Williams refers to these two individuals as "Melissa and Wendy Soto" though it is unclear if both persons share a last name or whether Melissa's last name is unknown. The court will adopt the naming convention that Williams uses in her complaint.

ECF No. 13 at 5. Williams claims that she was never interviewed or provided a chance to tell her version of events. *Id*. She also alleges that when she requested to have other employees serve as witnesses, Kevyn forbade the witnesses from participating and even threatened the witnesses with termination if they provided statements supporting Williams. *Id*. On June 6, 2024, McCarty Road terminated Williams for making a "racist comment." *Id*. Williams maintains that her termination was in retaliation for reporting harassment and violations of safety and workplace standards. *Id*.

On January 7, 2025, Williams filed suit against Defendants in the 125th Judicial District of Harris County, Texas, raising fourteen causes of action. ECF No. 1-6. On January 13, 2025, McCarty Road removed the state court action to this court. ECF No. 1. On February 7, 2025, McCarty Road filed a request for a pre-motion conference requesting permission to file a motion to dismiss and providing a summary of the arguments it intended to make. On March 5, 2025, the court ordered Williams to file an amended complaint. On March 11, 2025, Williams filed her First Amended Complaint.

Williams alleges twelve claims in her First Amended Complaint, seeking relief under several statutes, including Title VII, the Age Discrimination in Employment Act (ADEA), the Americans with Disabilities Act (ADA), and the Texas Commission on Human Rights Act (TCHRA). ECF No. 13 at 7-31. Williams also brings several Texas common law claims, including defamation, defamation per se, and intentional infliction of emotional distress.

On March 28, 2025, McCarty Road filed its Motion to Dismiss, seeking dismissal of all of Williams' claims. ECF No. 14. Williams has responded to the Motion twice, including in a court-approved sur-reply. ECF No. 15; ECF No. 19-2. The motion is ripe for consideration.

### 2. *Legal Standard*

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Rule 12(b)(6) authorizes the court to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Generally, the court is constrained to the "four corners of the complaint" to determine whether the plaintiff has stated a claim. *Morgan v. Swanson*, 659 F.3d 359, 401 (5th Cir. 2011); *see also Loofbourrow v. Comm'r*, 208 F. Supp. 2d 698, 708 (S.D. Tex. 2002) ("[T]he court may not look beyond the four corners of plaintiff's pleadings.").

Under Rule 12(b)(6), a complaint that does not allege "enough facts to state a claim to relief that is plausible on its face" should be dismissed. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). On the other hand, "[r]egardless of how well-pleaded the factual allegations may be, they must demonstrate that the party is entitled to relief under a valid theory." *Langen v. Sanchez Oil & Gas Corp.*, No. CV 4:18-2840, 2019 WL 1674348, at *3 (S.D. Tex. Apr. 17, 2019). While a complaint does not require detailed factual allegations, a plaintiff must provide more than labels and conclusions. *Twombly*, 550 U.S. at 555. "A plaintiff need only plausibly allege facts going to the ultimate elements of the claim to survive a motion to dismiss." *Cicalese v. Univ. of Tex. Med. Branch*, 924 F.3d 762, 768 (5th Cir. 2019). "Factual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555. "[A] well pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable[.]" *Id*. at 556.

"The court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff," and "drawing all reasonable inferences in that party's favor." *In re Katrina Canal*

5

*Breaches Litig.*, 495 F.3d 191, 205–06 (5th Cir. 2007). Only statements of *fact* are to be taken as true. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Conclusory allegations are "disentitled . . . to the presumption of truth." *Iqbal*, 566 U.S. at 681. Thus, the court, in reviewing the plaintiff's complaint, may neither "accept conclusory allegations" nor "strain to find inferences favorable to the plaintiffs." *Southland Sec. Corp. v. INSpire Ins. Sols., Inc.*, 365 F.3d 353, 361 (5th Cir. 2004).

The pleading rules "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted." *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 11 (2014); *see Skinner v. Switzer*, 562 U.S. 521, 530 (2011) ("[A] complaint need not pin plaintiff's claim for relief to a precise legal theory."). Importantly, a Rule 12(b)(6) dismissal "is viewed with disfavor and is rarely granted." *Leal v. McHugh*, 731 F.3d 405, 410 (5th Cir. 2013).

### 3. Analysis

At the outset, the court addresses the parties' dispute about whether the court should consider new factual allegations or causes of action which are not included in Williams' First Amended Complaint, the operative pleading, but which appear in the parties' briefing. The court is generally constrained to the "four corners of the complaint" when assessing whether Williams has stated a claim. *Morgan*, 659 F.3d at 401. The court may also consider documents incorporated by reference, *Tellabs*, 551 U.S. at 322, although no documents are incorporated by reference in this case. In her sur-reply, Williams makes clear that she is not attempting to add new causes of action to those already set forth in the First Amended Complaint. ECF No. 19-2 at 3. She also argues that the First Amended Complaint sets out all the facts

necessary for her to overcome McCarty Road's motion to dismiss. *Id*. Williams also requests, in the alternative, that the court grant her leave to amend to the extent that her briefing is inconsistent with her complaint. The court is aware of no additional facts included in the parties' briefing that, if considered, would change the court's recommendation. And Williams makes clear that she does not add new causes of action or facts. As such, the court will consider only the factual allegations and causes of action in Williams' First Amended Complaint and therefore denies Williams' alternative request for leave to amend. *Khoury v. Thota*, No. 20-20578, 2021 WL 3919248, at *4 (5th Cir. 2021) (affirming district court's denial of leave to amend when plaintiff chose to stand on his complaint and argued that it satisfied the pleading requirements).

### A. Hostile Work Environment (Count VI.A)[3]

Williams alleges that McCarty Road subjected her to a hostile work environment on account of her race, sex, age, and disability. ECF No. 13 at 8. She alleges that the hostile work environment consisted of interference with her FMLA-protected medical leave, isolation from workplace meetings and communications, public humiliation, denial of accommodations for her disability, and ultimately a retaliatory termination. *Id*. at 7–8. McCarty Road argues that Williams has failed to link the alleged harassment with a protected characteristic and provides only conclusory allegations about the harassment. ECF No. 14 at 15–17. Williams believes she has adequately pleaded sufficient facts about the harassment and that she plausibly described a pattern

---

[3] Williams asserts a hostile work environment claim under Title VII but then states that the hostile work environment was based on her disability and age as well as her race and sex. Title VII recognizes only five protected characteristics: race, color, religion, sex, and national origin. 42 U.S.C. § 2000e-2. However, the court will construe Williams' First Amended Complaint to have asserted hostile work environment claims under the ADA and the ADEA for disability and age, respectively, since she pleads facts on each element of those claims.

of hostile work environment "motivated by Ms. Williams's gender, disability and age[.]" ECF No. 19-2 at 7.

To state a hostile work environment claim under Title VII, Williams must show that "1) [she] belongs to a protected group; 2) [] was subjected to unwelcome harassment; 3) the harassment was based on a protected characteristic; 4) the harassment affected a term, condition, or privilege of employment; and 5) [her] employer knew or should have known of the harassment and failed to take prompt remedial action." *Eyob v. Mitsubishi Caterpillar Forklift Am. Inc.*, 745 Fed. Appx. 209, 215 n.2 (5th Cir. 2018). Similarly, under the ADEA or the ADA, Williams must show she belongs to a protected group (disabled or at least 40 years old); was subjected to harassment based on her protected characteristic; that the harassment affected a term, condition, or privilege of employment; and that there exists some basis for liability on the part of the employer. *Dediol v. Best Chevrolet, Inc.*, 655 F.3d 435, 441 (5th Cir. 2011) (ADEA); *see also Thompson v. Microsoft Co.*, 2 F. 4th 460, 471 (5th Cir. 2021) (ADA). A plaintiff must plead facts linking the alleged harassment to their protected characteristics. *Raj v. La. State Univ.*, 714 F.3d 322, 330-31 (5th Cir. 2013).

A hostile work environment affects a term, condition, or privilege of employment when it is "sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Aryain v. Wal-Mart Stores Texas LP*, 534 F.3d 473, 479 (5th Cir. 2008). The complained of environment must be "both objectively and subjectively offensive, one that a reasonable person would find hostile or abusive, and one that the victim in fact did perceive to be so." *Butler v. Ysleta Indep. Sch. Dist.*, 161 F.3d 263, 269 (5th Cir. 1998). To determine whether complained-of conduct is sufficiently severe or pervasive, a court considers several factors, including the "frequency of the discriminatory conduct, its severity, whether it is physically

8

threatening or humiliating (or whether it is a mere offensive utterance), and whether it unreasonably interferes with the victim's work performance. *Hernandez v. Yellow Transp. Inc.*, 670 F.3d 644, 651 (5th Cir. 2012) (Title VII); *Thompson v. Microsoft Corp.*, 2 F.4th 460, 471 (5th Cir. 2021) (ADA); *Dediol v. Best Chevrolet, Inc.*, 655 F.3d 435, 441 (5th Cir. 2011) (ADEA).

### i. Title VII - Race

Williams fails to allege that McCarty Road created a hostile work environment on account of her race. Aside from noting that she is an African American, Williams does not plead facts showing that the hostile work environment was based on her race. In her First Amended Complaint, Williams even states that the "escalation of hostility following her injury and medical leave is clear evidence that she was being targeted due to her age, disability, and gender." ECF No. 13 at 8. When clarifying her factual allegations in her sur-reply, Williams states that she plausibly described a hostile work environment "motivated by Ms. Williams's gender, disability, and age[.]" ECF No. 19-2 at 7. Williams pleads no facts that tie her race to the "public humiliation, interference with her medical leave; threats to mark her as a 'no-call, no show,' . . . isolation upon her return to work; denial of accommodations for her injury[.]" As such, McCarty Road's Motion to Dismiss Williams' Title VII hostile work environment claim based on race should be **GRANTED**.

### ii. Title VII – Gender/Sex

Williams fails to allege that the alleged harassment based on her gender or sex was sufficiently severe or pervasive such that it altered the terms of her employment or created an abusive environment. Williams alleges that her immediate supervisor refused to help her once she injured herself and instead stated that she faked her fall to get men's attention. ECF No. 13 at 3. Williams states that the supervisor spread the gender-based rumor to the

"entire staff" and that management did not discipline him for his remark and other behavior. *Id.* at 3–4. Williams does not explain the extent of the publication and only refers to one offensive statement from her supervisor. This does not rise to the level of "severe or pervasive conduct." *Aryain*, 534 F.3d 473, 479 (5th Cir. 2008). Williams has not shown that the supervisor's comment was anything more than an isolated incident. *Hockman v. Westward Commc'ns*, 407 F.3d 317, 326 (5th Cir. 2004) (explaining that "alleged conduct must be more than rude or offensive comments, teasing, or isolated incidents"). As such, McCarty Road's Motion to Dismiss Williams' Title VII hostile work environment claim based on gender or sex should be **GRANTED**.

### iii. ADEA - Age

Williams fails to allege that any age-based harassment McCarty Road subjected her to was sufficiently severe or pervasive. Williams notes that she is 57 years old and that she has experienced both hostility and other forms of discrimination while younger employees (notably Melissa and Wendy Soto) engaged in misconduct and went unpunished. ECF No. 13 at 5. Again, Williams does not describe any age-based harassing conduct outside of alleged differential treatment of younger employees. She does not explain how differential treatment equates to harassment. Williams has not pleaded sufficient facts concerning the pervasiveness and severity of the harassment. McCarty Road's Motion to Dismiss Williams' ADEA hostile work environment claim based on age should be **GRANTED**.

### iv. ADA – Disability

The court turns next to Williams' hostile work environment claim based on disability under the ADA. At the outset, McCarty Road argues that Williams does not sufficiently allege that she was disabled. ECF No. 14 at 9. The court disagrees. The ADA has several definitions of disability, one of which is a "physical or

mental impairment that substantially limits one or more major life activities of such individual[.] 42 U.S.C. § 12102(1). "Major life activities" include, but are not limited to, "caring for oneself, performing manual tasks, seeing, hearing, eating, sleeping, walking, standing, lifting, bending, speaking, breathing, learning, reading, concentrating, thinking, communicating, and working." *Id*. at § 12102(2). Williams alleges that she suffered a workplace injury that caused a "serious arm injury" requiring surgery and ongoing physical therapy. ECF No. 13 at 3. She alleges that she was limited in her ability to perform her job duties and life activities and, importantly, that she had to take extended medical leave to recover. *Id*. "Working" is listed in the ADA as a substantial life activity and Williams has adequately pleaded facts to show that her arm injury substantially impacted her ability to work.

Williams has also adequately pleaded facts to support a hostile work environment based on her disability. Williams alleges that her supervisor minimized her disability by stating she faked her injury. ECF No. 13 at 3. That same supervisor instructed Williams' coworkers not to call for medical attention. *Id*. Williams alleges that while on FMLA leave, she received intimidating phone calls from her supervisor and that her supervisor threatened to mark her as a "no-call, no-show." *Id*. at 4. When she returned to work, Williams alleges that she requested accommodations for her injury but was denied; instead, she was isolated from workplace communications and stripped of responsibilities. *Id*. At this stage of the proceedings, Williams has pleaded sufficient facts concerning the pervasiveness and severity of the harassment and has tied the harassment to her disability.

On a motion to dismiss, Williams does not have to prove her case; she need only set out facts in support of a plausible claim for relief that raises a reasonable expectation that discovery will reveal supporting evidence. *See Twombly*, 550 U.S. at 556. Viewing

Williams' factual allegations as true, she has done that much. McCarty Road will have a chance to challenge this claim on summary judgment if the evidence does not establish the existence of a hostile work environment based on Williams' disability. As such, the court recommends that McCarty Road's Motion to Dismiss Williams' ADA hostile work environment claim be **DENIED**.

### B. Failure to Accommodate (Count V.I)

Williams alleges that McCarty Road failed to provide reasonable accommodations for her disability and that doing so constituted unlawful discrimination. ECF No. 13 at 23. McCarty Road argues that Williams has not alleged a disability and, even assuming a disability, that McCarty Road knew about the limitations of Williams' disability. ECF No. 14 at 13.

To establish a claim for failure to accommodate, Williams must show that she "is a 'qualified individual with a disability;' (2) the disability and its consequential limitations were 'known' by the covered employer; and (3) the employer failed to make 'reasonable accommodations' for such known limitations. *Feist v. La. Dep't. of Justice, Office of the Atty. Gen.*, 730 F.3d 450, 452 (5th Cir. 2013). Williams does not need to submit evidence to establish a prima facie case of discrimination at this stage but must plead sufficient facts on all of the ultimate elements of her ADA claim to make her case plausible. *Chhim*, 836 F.3d at 470.

Williams has adequately pleaded facts to support a failure to accommodate claim under the ADA. As stated, Williams sufficiently alleged that she had a disability. Williams also alleges that she informed McCarty Road of her disability and its consequential limitations. She states that she informed McCarty Road of her "ongoing" medical condition and that she requested modified tasks to prevent further injury to her arm. Id. at 4. Finally, Williams has alleged that McCarty Road failed to make

reasonable accommodations for her disability, as they denied her request for modified tasks to prevent further injury to her arm, but instead subjected her to "hostile and dismissive treatment." *Id*. Williams has set forth sufficient facts to support a failure to accommodate claim under the ADA. The court therefore recommends that McCarty Road's Motion to Dismiss Williams' ADA failure to accommodate claim be **DENIED**.

### C. Wrongful Termination (Counts VI.B, VI.C, and VI.D)

Williams alleges that her termination was unlawful under Title VII, the ADA, the ADEA, and the TCHRA. ECF No. 13 at 9–15. McCarty Road argues Williams cannot maintain these claims as she does not allege facts that show that the termination was based on any of the protected characteristics she identifies in her First Amended Complaint. ECF No. 14 at 10. Williams disputes this characterization. ECF No. 15 at 5; ECF No. 19-2 at 3.

Title VII recognizes five protected characteristics: race, color, religion, sex, or national origin. 42 U.S.C. § 2000e-2(a)(1). The TCHRA recognizes those protected characteristics as well as disability and age. Tex. Lab. Code § 21.051. Discrimination claims under Title VII and the TCHRA are analyzed under the same standard. *Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 650 (5th Cir. 2012).

At this stage, Williams is required to "plead sufficient facts on all of the ultimate elements of a disparate treatment claim to make [her] case plausible." *Cicalese v. Univ. of Tex. Med. Branch*, 924 F.3d 762, 766 (5th Cir. 2019) (citing *Chhim v. Univ. Of. Tex. at Austin*, 836 F.3d 467, 470 (5th Cir. 2016)). The ultimate issues Williams must plead to support her disparate treatment claim under Title VII and the TCHRA are 1) whether there was an

adverse employment action 2) taken against her because of her protected status. *Cicalese*, 924 F.3d at 767.

Additionally, it can be "helpful to reference" the *McDonnell Douglas* framework when determining whether Williams has plausibly alleged the ultimate elements of a disparate treatment claim. *Cicalese*, 924 F.3d at 767. Under the *McDonnell Douglas* framework, Williams must show 1) that she is a member of a protected group; 2) that she was qualified for the position at issue; 3) that she was discharged by the employer; and 4) was replaced by someone outside of her protected group or treated less favorably than other similarly situated employees outside the protected group. *Willis v. Cleco Co.,* 749 F.3d 314, 320 (5th Cir. 2014).

### i. Title VII and TCHRA – Race

Williams has failed to adequately plead a wrongful termination claim based on her race under Title VII and the TCHRA. As noted, the ultimate issues Williams must plead to support a disparate treatment claim under Title VII and the TCHRA are whether there was an adverse employment action taken against her because of her protected status. *Cicalese*, 924 F.3d at 767. Williams does not adequately allege that McCarty Road fired her because of her race. Williams alleges that she is an African American but alleges no other facts to support an inference that McCarty Road fired her because of her race. She alleges that McCarty Road provided a false reason for her termination—a racist comment—but otherwise provides no other facts to make plausible her claim that her race was a reason for her termination. In fact, Williams seemingly ignores race as a basis for her termination when she argues in her sur-reply that her allegations create a plausible inference that "Ms. Williams's age and disability were factors in her termination." ECF No. 19-2 at 4.

The *McDonnell Douglas* factors do not require a different conclusion. Under that framework, Williams would need to show,

in part, that she was replaced by someone outside of her protected group or treated less favorably than other similarly situated employees outside of that protected group. *Willis*, 749 F.3d at 320. Williams does not allege facts concerning whether she was replaced by persons who were not African American, nor does she allege facts showing that similarly situated persons who were not African American were treated better than she was. *Id*. Williams alleges that her termination was discriminatory, in part, because "younger, non-disabled employees who engaged in workplace misconduct were allowed to remain employed" while she was wrongfully terminated. *Id*. at 9. But this concerns age and disability, not race. Williams does point to Melissa and Wendy Soto and describes them as "two younger employees[.]" *Id*. at 5. But, again, Williams does not indicate the race of those individuals.

For the foregoing reasons, the court recommends that McCarty Road's motion to dismiss Williams' Title VII and TCHRA wrongful termination claims based on race be **GRANTED**.

### ii. Title VII and TCHRA – Gender/Sex

The same conclusion applies to Williams' Title VII and TCHRA wrongful termination claim based on her gender or sex. Williams argues that the accusation that she faked her fall "supports a plausible claim for sex-based discrimination as well[.]" ECF No. 19-2 at 4. However, there is no indication in Williams' First Amended Complaint that this gender-based statement has any relationship to her termination. Even if it did, Williams alleges no facts which make plausible the inference that this comment factored into Williams' termination six months later.

As with race, the *McDonnell Douglas* factors do not require a different conclusion. Williams would need to show, in part, that she was replaced by someone outside of her protected group or treated less favorably than other similarly situated employees outside of that protected group. *Willis*, 749 F.3d at 320. But

Williams does not do that. Williams does not allege facts that someone of a different gender replaced her or that persons who are not women were treated better than she was.

For the foregoing reasons, the court recommends that McCarty Road's motion to dismiss Williams' Title VII and TCHRA wrongful termination claims based on gender or sex be **GRANTED**.

### iii. ADEA and TCHRA - Age

The same conclusion applies to Williams' ADEA and TCHRA wrongful termination claim based on age. Under the ADEA, in addition to proving membership in a protected class, qualifications, and being subjected to an adverse employment decision, Williams must also prove that she was replaced by someone younger or treated less favorably than similarly situated younger employees. *Leal v. McHugh*, 731 F.3d 405, 410–11 (5th Cir. 2013). TCHRA claims are analyzed under the same standards as ADEA claims. *Dabbasi v. Motiva Enters. L.L.C.*, 107 F.4th 500, 505 (5th Cir. 2024).

Williams does not plead that she was replaced by someone younger. Williams does allege that younger employees, notably Melissa and Wendy Soto, were treated more favorably than her because they have remained employed even though they were responsible for misconduct and harassment. ECF No. 13 at 9. But Williams does not allege sufficient facts to show that Melissa and Wendy Soto were similarly situated. Although Williams states that Melissa and Wendy Soto were responsible for misconduct, she does not allege the nature of that conduct or whether McCarty Road found them responsible for any misconduct. She does not allege whether Melissa and Wendy Soto were investigated after being accused of making a racist remark. Other than stating her age and mentioning her two coworkers, Williams has not alleged any facts to show that her termination was based on her age.

Because Williams does not allege facts showing that her termination was because of her age, the court recommends that McCarty Road's Motion to Dismiss Williams' ADEA and TCHRA wrongful termination claims based on age be **GRANTED**.

### iv. ADA and TCHRA - Disability

The court turns to Williams' wrongful termination claims based on disability under the ADA and TCHRA. Under the ADA, Williams must prove that she has a disability; that she was qualified for her job; and that she was subjected to an adverse employment decision on account of her disability. *E.E.O.C v. LHC Group Inc.*, 773 F.3d 688, 697 (5th Cir. 2014). TCHRA claims are "properly analyzed using the same standards applied to ADA claims." *Mendoza v. City of Palacios*, 962 F. Supp. 2d 868, 871 (S.D. Tex. 2013). As in the Title VII context, it can be helpful for the court to refer to the *McDonnell Douglas* evidentiary framework when assessing whether Williams has stated a claim for relief under these statutes.

Williams has adequately pleaded sufficient facts to support her wrongful termination claims based on disability under the ADA and TCHRA. As stated, Williams has adequately alleged that she has a disability. Williams has also adequately alleged facts that raise a reasonable inference that her termination was because of her disability. Williams alleges that since her injury in December 2023, relevant personnel at McCarty Road trivialized her injury; harassed her while she was on medical leave; refused her reasonable accommodations upon her return from medical leave; excluded her from workplace communications; stripped her of responsibilities; and refused her the opportunity to present witnesses in her defense during the investigation of an allegedly racist remark. ECF No. 13 at 2–9. Williams has pleaded sufficient facts to support a reasonable inference that her termination was because of her disability.

Again, Williams need only set out facts in support of a *plausible* claim for relief that raises a reasonable expectation that discovery will reveal supporting evidence. *See Twombly*, 550 U.S. at 556. Though a court can refer to the *McDonnell Douglas* evidentiary framework to assess whether Williams has stated a claim for relief, it would be improper to apply such evidentiary frameworks rigidly to Williams' pleading. Taking Williams' facts as true, she has at least created a reasonable inference that Williams' termination was related to her disability. As such, the court recommends that McCarty Road's Motion to Dismiss Williams' ADA and TCHRA wrongful termination claims based on disability be **DENIED**.

### D. Retaliation (Counts VI.E and VI.J)

Williams alleges that McCarty Road retaliated against her for engaging in protected activities under Title VII, the ADA, the FMLA,[4] and the TCHRA. ECF No. 13 at 15, 25. Specifically, Williams alleges that her protected activities consisted of reporting workplace discrimination, requesting reasonable accommodations for her disability, and taking FMLA-protected leave. *Id*. at 15, 26. McCarty Road argues that Williams has not alleged that she engaged in protected activities or that there was a causal link between any alleged protected activities and alleged adverse employment actions. ECF No. 14 at 17-18.

To state a Title VII or TCHRA retaliation claim, Williams must allege facts that tend to establish that she engaged in protected activity; that an adverse employment action occurred; and that a causal link exists between the protected activity and

---

[4] Williams does not expressly plead a FMLA retaliation cause of action in her First Amended Complaint. However, "so long as [the plaintiff] plead[s] each element of the claim that they are trying to bring" then a plaintiff does not need to include the proper label for a claim in their complaint. *Barron v. United States*, 111 F.4th 667, 673 (5th Cir. 2024). Williams has recited the elements for an FMLA retaliation cause of action in her complaint. As such, the court will construe her complaint to have alleged the FMLA cause of action.

the adverse action. *Porter v. Houma Terrebonne Hous. Auth. Bd. of Comm'rs.*, 810 F.3d 940, 945 (5th Cir. 2015) (Title VI); *Gorman v. Verizon Wireless Tex., LLC.*, 753 F.3d 165, 170 (5th Cir. 2014) (TCHRA). Williams must do the same for her ADA and FMLA retaliation claims. *Feist v. Louisiana, Dep't of Just., Off. of the Atty. Gen.*, 730 F.3d 450, 454 (5th Cir. 2013) (ADA); *Wheat v. Fla. Par. Juv. Just. Comm'n*, 811 F.3d 702, 705 (5th Cir. 2016) (FMLA).

An employee has engaged in protected activity if they have opposed any practice made unlawful by Title VII or the TCHRA. *Lewis v. Bd. of Supervisors of Louisiana State Univ. & Agric. & Mech. Coll.*, 134 F.4th 286, 295 (5th Cir. 2025). In the FMLA context, requesting and taking a FMLA-approved leave of absence is a protected activity. *Besser v. Tex. Gen. Land Off.*, 834 F. App'x 876, 882 (5th Cir. 2020). Additionally, in the ADA context, making a request for a reasonable accommodation is a protected activity if the employee has a good faith belief that they are disabled or perceived as disabled. *Garner v. Chevron Phillips Chem. Co., LP.*, 834 F. Supp. 2d 528, 541 (S.D. Tex. 2011). Adverse actions are those which "might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Davis v. Dallas Ind. School Dist.*, 448 Fed.Appx. 485, 494 (5th Cir. 2011). As for the causation element, temporal proximity alone can be sufficient when engaging in the protected activity and the adverse employment action are very close in time. *Strong v. Univ. Healthcare Sys.*, LLC, 482 F.3d 802, 808 (5th Cir. 2007).

### i. ADA Claim

Williams has adequately pleaded sufficient facts to support a retaliation claim under the ADA. Williams alleges that she requested reasonable accommodations upon her return from her FMLA-approved leave of absence and was denied. ECF No. 13 at 4. Requesting a reasonable accommodation is a protected activity under the ADA. *Garner*, 834 F. Supp. 2d at 541. Williams states

that, after requesting accommodations, she experienced several adverse actions, including being "isolated from important workplace communications, stripped of responsibilities, and treated differently without any legitimate reason." *Id*. Ultimately, Williams was terminated following her request for reasonable accommodations. *Id*. at 5. The court finds that these are actions which "might have dissuaded a reasonable worker" from engaging in protected activities under the ADA. *Davis*, 448 Fed. Appx. at 494. Williams has therefore alleged sufficient facts to show adverse employment actions.

Williams has also adequately alleged sufficient facts to show a reasonable inference that the adverse employment actions were causally related to her request for accommodations. Temporal proximity can help establish causation. *Strong*, 482 F.3d at 808. However, courts have found that a gap of five months between the protected activity and the adverse action, without additional evidence, is insufficient to demonstrate a causal link. *Raggs v. Miss. Power Light Co.*, 278 F.3d 463, 471–72 (5th Cir. 2002).

Williams does not make clear when she requested reasonable accommodations, other than alleging it took place after she returned from her FMLA-approved leave of absence. ECF No. 13 at 5. Williams alleges that the injury occurred on December 6, 2023, and she was terminated on June 6, 2024, a gap of six months. *Id*. at 3, 5. However, she alleges that she took an "extended medical leave to recover" and then requested accommodations upon her return from leave, suggesting that the temporal gap between her request for accommodations and the alleged adverse employment actions she experienced is shorter than the six-month timeframe between her injury and her termination. *Id*. at 3–4. Taking her allegations as true, and drawing all reasonable inferences in her favor, she has done enough to plausibly allege that her request for accommodations and the retaliation are causally linked. As such,

the court recommends that McCarty Road's Motion to Dismiss Williams' ADA retaliation claim be **DENIED**.

### ii. FMLA Claim

The court now turns to Williams' retaliation claims under the FMLA. Williams has adequately stated a FMLA retaliation cause of action. She alleges that she requested, and was approved for, a leave of absence under the FMLA. ECF No. 13 at 3–4. Requesting and taking a FMLA-approved leave of absence is a protected activity. *Besser*, 834 F. App'x at 882. Williams also alleges adverse employment actions, including being stripped of responsibilities, barred from workplace communications, differential treatment, and termination. *Id*. Williams has also alleged a close temporal relationship between her FMLA leave and the alleged adverse employment actions, noting that the employment actions occurred shortly after her return from FMLA leave. The court is satisfied that, at this stage of the proceedings, Williams has adequately alleged that the adverse actions, including her termination, were causally related to exercising her FMLA rights. For these reasons, the court recommends that McCarty Road's Motion to Dismiss Williams' FMLA retaliation claim be **DENIED**.

### iii. Title VII and TCHRA Claims

Finally, the court turns to Williams' retaliation claims under Title VII and the TCHRA based on reporting of discriminatory conduct. Williams has not adequately pleaded retaliation under Title VII and the TCHRA. Williams alleges that she was terminated because she engaged in protected activities, including reporting workplace discrimination. ECF No. 13 at 15. Williams specifically alleges that she has reported workplace harassment or discrimination, particularly by two younger employees Melissa and Wendy Soto. ECF No. 13 at 5–6.

Williams' allegations related to this claim are largely conclusory. Williams does not make clear whether the harassment or discrimination that Melissa and Wendy Soto subjected her to was based on any of her protected characteristics. She does not allege what her reports of harassment and discrimination consisted of or provide any additional information to support the notion that her reports would qualify as protected activity. In fact, it appears that Williams' reports to management were related to Melissa and Wendy Soto's "excessive phone use, lack of productivity, and noncompliance with uniform standards" ECF No. 13 at 5–6. Williams does not explain how such reports could be protected activity under any of the statutes at issue here. Williams argues that the record supports an inference she has opposed discriminatory practices because McCarty Road terminated her for allegedly making a racist comment. ECF No. 19-2 at 10. But Williams does not explain how the basis for her termination could also support an inference that she has reported discriminatory conduct in the past.

For the reasons provided, the court recommends that McCarty Road's Motion to Dismiss Williams' Title VII and TCHRA retaliation claims based on her reports of reporting discriminatory conduct be **GRANTED**.

### E. Defamation and Defamation Per Se (Count VI.F and VI.G)

Williams brings a cause of action for defamation and defamation per se under Texas common law. ECF No. 13 at 17. Williams alleges that McCarty Road defamed her when it suggested that Williams made a racist remark which she characterizes as neutral and non-discriminatory. *Id*. Williams also alleges that McCarty Road committed defamation per se when its agent, Williams' supervisor, falsely accused her of faking her fall to get male attention. *Id*. at 19. McCarty Road argues that

Williams failed to identify false and defamatory statements, failed to allege that those statements were published to third parties, and failed to show that McCarty Road acted with the requisite degree of intent. ECF No. 14 at 23. McCarty Road also argues that the supervisor's comments about Williams faking her fall do not rise to the level of defamation per se. *Id.* at 24.

To prove a defamation claim under Texas state law, Williams must show "(1) the publication of a false statement of fact to a third party, (2) that was defamatory concerning the plaintiff, (3) with the requisite degree of fault, and (4) damages." *In re Lipsky*, 460 S.W.3d 579, 593 (Tex. 2015). A private plaintiff need only prove that a defendant was "at least negligent" when proving the requisite degree of fault. *WFAA–TV, Inc. v. McLemore*, 978 S.W.2d 568, 571 (Tex. 1998). Additionally, an employer is liable for defamation only if the defamation "falls within the scope of the employee's general authority in furtherance of the employer's business and for the accomplishment of the object for which the employee was hired." *Minyard Food Stores, Inc. v. Goodman*, 80 S.W. 3d 573, 577 (Tex. 2002).

There is some dispute about the specific defamatory remark at issue here. The statement that prompted McCarty Road's investigation was Williams' remark to a Spanish-speaking colleague that "No, I grew up in America; this is the only language I know how to speak." ECF No. 13 at 5. There is no dispute that Williams made this remark. *Id.* However, Williams states in her response that the defamatory statement is that she "made a racist comment," which she argues is untrue and constitutes defamation per se, rather than defamation as alleged in her complaint. ECF No. 15 at 9.

Williams does not plead sufficient facts to support a defamation claim. First, Williams does not identify a "false statement of fact" which is required to show defamation. *In re*

*Lipsky*, 460 S.W.3d at 593. Williams does not dispute that she made the comment about growing up in America. ECF No. 13 at 5. Williams only makes conclusory allegations that "false and defamatory statements" suggested that Williams made a racist remark. *Id.* at 17. She does not identify these "false and defamatory statements." Second, Williams fails to plead any allegations showing that McCarty Road published any false statements of facts to third parties. Finally, Williams does not plead any facts concerning whether Melissa and Wendy Soto, or any other McCarty Road personnel, were acting within the scope of their employment when they made the alleged defamatory remarks. *See Lyons v. Starbucks Coffee Co.*, No. 3:19-CV-2457-S-BT, 2020 WL 5732638, *4 (N.D. Tex. Aug. 24, 2020) (granting employer's 12(b)(6) motion because plaintiff failed to show that "employee acted within the course and scope of his or her authority or employment when he or she allegedly . . . defamed [plaintiff].")

For the reasons provided, the court recommends that McCarty Road's Motion to Dismiss Williams' defamation claim be **GRANTED**.

The court now turns to Williams' defamation per se claims. Defamation per se refers to statements that are "so obviously harmful that general damages, such as mental anguish and loss of reputation, are presumed." *Id.* at 596. "Accusing someone of a crime, of having a foul or loathsome disease, or of engaging in serious sexual misconduct are examples of defamation per se" as well as "remarks that adversely reflect on a person's fitness to conduct his or her business or trade." *Id.* Defamation per se is not a separate cause of action, so all other elements of a defamation claim, except damages, must be found. *Downing v. Burns*, 348 S.W.3d 415, 425 (Tex. App.—Houston [14th Dist.] 2011, no pet.). When defamation per se concerns an imputation of sexual misconduct, it typically concerns "allegations of sexual misconduct,

adultery, and sexual assault." *Klocke v. Watson*, 597 F. Supp. 3d 1019, 1036 (N.D. Tex. 2022); *see also* Besso *v. KeyCity Capital LLC*, No. 4:23-CV-00906-P, 2025 WL 296139 (N.D. Tex. Jan. 24, 2025) ("Examples of statements imputing sexual misconduct include calling someone a 'pervert' or 'pedophile' . . . calling someone's wife a 'slut,' . . . and alleging that someone sexually molested another individual[.]"

Williams' allegation that her supervisor claimed that she faked her fall to get men's attention does not rise to the level of defamation per se based on imputation of sexual misconduct. It does not imply any sort of sexual misconduct on the part of Williams.

Nor does the supervisor's statement constitute defamation. Williams does not allege that McCarty Road published the supervisor's statements to third parties, as is required to prove defamation. Nor does Williams allege that her supervisor was acting within the course and scope of his employment when he made the alleged defamatory remark. As such, Williams also cannot show that the supervisor's gender-based remark was defamatory.

For the reasons provided, the court recommends that McCarty Road's Motion to Dismiss Williams's defamation per se claim be **GRANTED**.

### F. Intentional Infliction of Emotional Distress (Count VI.H)

Williams brings a cause of action for intentional infliction of emotional distress (IIED). ECF No. 13 at 21. To state a claim for IIED under Texas law, a plaintiff "must demonstrate that the defendant intentionally or recklessly engaged in extreme or outrageous conduct that resulted in severe emotional distress." *Stelly v. Duriso*, 982 F.3d 403, 407–08 (5th Cir. 2020) (citing *Standard Fruit & Vegetable Co. v. Johnson*, 985 S.W.2d 62, 66

(Tex. 1998)). The plaintiff must also demonstrate that there is no alternative cause of action available to redress the alleged misconduct. *Id.* at 408 (citing *Hoffman-La Roche Inc. v. Zeltwanger*, 144 S.W.3d 438, 447 (Tex. 2004)). That is because "IIED is a 'gap-filler' tort reserved for 'those rare instances in which a defendant intentionally inflicts severe emotional distress in a manner so unusual that the victim has no other recognized theory of redress.'" *Id.* (quoting *Hoffman-La Roche*, 144 S.W.3d at 447).

Williams has not alleged facts demonstrating "extreme or outrageous conduct" by McCarty Road or "severe emotional distress" to herself. Further, alternative causes of action, such as hostile work environment, are available to redress the alleged misconduct. Accordingly, the court recommends that McCarty Road's Motion to Dismiss William's IIED claim be **GRANTED**.

### G. Disparate Impact

Williams alleges disparate impact claims under Title VII and the TCHRA. ECF No. 13 at 27–31. Williams alleges a "pattern of decision-making within [McCarty Road's] organization" that discriminately impacts older employees, disabled employees, and persons engaging in protected activities. *Id.* at 28. She also alleges that "broader employment practices" and a "decision-making process" such as the disciplinary procedures, internal investigations, and evaluation of termination justifications, disproportionately impact older and disabled workers. *Id.* at 28, 30.

To establish a prima facie case of discrimination under a disparate-impact theory, a plaintiff must show "(1) an identifiable, facially neutral personnel policy or practice; (2) a disparate effect on members of a protected class; and (3) a causal connection between the two." *McClain v. Lufkin Indus. Inc.*, 519 F.3d 264, 275 (5th Cir. 2008). A plaintiff must go beyond merely providing

general descriptions of an employment practice's failure; instead, it must explain how the system operates and what makes it discriminatory in impact. *See Brown v. Wyndham Hotel Mgmt. Inc.*, No. CV H-16-00015, 2016 WL 2595073, \*5 (S.D. Tex. May 5, 2016).

Discrimination claims under Title VII and Chapter 21 of the Texas Labor Code are analyzed under the same standard. *Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 650 (5th Cir. 2012). Williams has failed to plead disparate impact claims under either statute. Williams does not identify a facially neutral policy or practice, but merely rests on conclusory allegations concerning McCarty Road's "pattern of decision making" and "broader employment practices." ECF No. 13 at 28, 30. She has failed to plead any facts concerning how the employment practices operate. *Brown*, 2016 WL 2595073, \*5. Additionally, outside of her own experiences, Williams only provides conclusory allegations that others in her protected classes are disproportionately impacted by McCarty Road's employment practices. Williams alleges no facts from which the court can glean how McCarty Road's employment practices disproportionately impact people included in Williams' protected classes.

For the foregoing reasons, the court recommends that McCarty Road's Motion to Dismiss Williams' Title VII and Chapter 21 disparate impact claims be **DENIED**.

### H. John Doe Defendants

Williams has named as Defendants John Does 1-25. ECF No. 13 at 1. These Defendants must be dismissed. Williams does not describe who these Defendants are, or the role they played in the events described in her operative pleading. ECF No. 13. She has not pleaded factual allegations or causes of actions against these Defendants. *Id*. From the facts alleged in the complaint, there is no indication that discovery will uncover who these persons are.

*See Portillo v. Quarterman*, No. 2:07-CV-0013, 2007 WL 2286080, *2 (N.D. Tex. Aug. 9, 2007) ("Plaintiff has made no claim of any sort against [John Doe Defendants], and these defendants will be dismissed accordingly."); *see also Poling v. Chubb Lloyds Ins. Co. of Tex.*, No. A-05-CA-253 LY, 2005 WL 8155095, at *4 (W.D. Tex. Oct. 13, 2005) (dismissing John Doe defendants because plaintiff "failed to give the Court any indication who the John Doe Defendants are in this case and there [was] no indication that the discovery process would reveal their identities"). As such, the court recommends that McCarty Road's Motion to Dismiss the John Doe Defendants be **GRANTED**.

### 4. Conclusion

The court recommends that McCarty Road's Motion to Dismiss Williams' First Amended Complaint be **GRANTED** in part and **DENIED** in part.

The court recommends that McCarty Road's Motion to Dismiss as to the following claims and parties be **GRANTED**: (1) Title VII and ADEA hostile work environment based on race, sex, and age; (2) Title VII, ADEA, and TCHRA wrongful termination based on race, sex, and age; (3) Title VII and TCHRA retaliation based on reporting discriminatory conduct; (4) defamation and defamation per se; (5) intentional infliction of emotional distress; (6) Title VII and TCHRA disparate impact discrimination; and (7) the John Doe Defendants. The court recommends that these claims and parties be **DISMISSED**.

The court recommends that McCarty Road's Motion to Dismiss as to the following claims be **DENIED**: (1) Title VII and ADA hostile work environment based on disability; (2) ADA wrongful termination based on disability; (3) ADA and FMLA retaliation; and (4) ADA failure to accommodate.

The parties have fourteen days from service of this Memorandum and Recommendation to file written objections. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed at Houston, Texas on July 23, 2025.

_____

Peter Bray
United States Magistrate Judge